WILLIAM R. TAMAYO, SBN 084965
DAVID F. OFFEN-BROWN, SBN 063321
EVANGELINA FIERRO HERNANDEZ, SBN 168879
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5622
Fax No. (415) 625-5657
Evangelina.Hernandez@eeoc.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HILLTOWN PACKING CO., INC.,<br><br>A Corporation<br><br>Defendant. | Case No: CV 09 4646 PVT<br><br>COMPLAINT<br><br>Civil Rights Discrimination-Employment<br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Party Filomena Ruelas ("Charging Party") and a class of similarly situated female employees who were adversely affected by such practices. As alleged with greater particularity in paragraphs 8 and 9 below, Defendant Hilltown Packing Co., ("Hilltown Packing" or "Defendant") subjected the Charging Party and similarly situated female employees to unlawful

CV-
DISCRIMINATION COMPLAINT

harassment based on their sex, created a hostile work environment based on their sex, and retaliated against them for engaging in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged herein were and are committed in the State of California, in the City of Salinas in the County of Monterey. Venue is therefore proper in the United States District Court for the Northern District of California.

## INTRA-DISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the San Jose division because a substantial amount of the unlawful employment practices alleged were and are being committed within Monterey County, the employment records relevant to the unlawful practices are located in Monterey County, and Defendant's principal place of business is in Monterey County.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by section 706(f)(1) and (3) of Title VII, §2000-5e (f)(1) and (3).

5. At all relevant times, Defendant Hilltown Packing has continuously been a California corporation, doing business in the State of California, in the County of Monterey, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Hilltown Packing has continuously been an employer

CV
DISCRIMINATION COMPLAINT

engaged in an industry affecting commerce, within the meaning of section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000-e(b), (g) and (h).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, the Charging Party Filomena Ruelas filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since at least 2005, Defendant has engaged in unlawful employment practices at its Salinas, California and Yuma, Arizona facilities in violation of section 703(a) of Title VII, 42 U.S.C. §2000e-2(a). These practices included subjecting Charging Party Filomena Ruelas and similarly situated female employees to a sexually hostile, abusive, intimidating and offensive work environment which culminated in tangible adverse employment actions.

9.  Since at least 2005, Defendant has engaged in unlawful practices of retaliation at its Salinas, California and Yuma, Arizona facilities in violation of section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). These practices included subjecting Charging Party Filomena Ruelas and similarly situated female employees to adverse actions for engaging in protected activity, including wrongfully discharging them in retaliation for complaining about unlawful sexual harassment.

10. The effect of the practices complained of in Paragraphs 8 and 9 above has been to deprive the Charging Party and similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

11. The unlawful employment practices complained in Paragraphs 8 and 9 above were and are intentional.

12. The unlawful employment practices complained in Paragraphs 8 and 9 above were and are done with malice or with reckless indifference to the federally protected rights of Charging Party and similarly situated female employees.

CV
**DISCRIMINATION COMPLAINT**

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against its female employees including harassment based on sex and retaliation.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Charging Party and similarly situated female employees, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Charging Party and similarly situated female employees, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay of Charging Party and similarly situated female employees.

D.  Order Defendant to make whole Charging Party and similarly situated female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 8 and 9 above, including but not limited to such out-of-pocket expenses as medical care necessitated by Defendant's unlawful conduct, in amounts to be determined at trial.

E.  Order Defendant to make whole Charging Party and similarly situated female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 8 and 9 above, including but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Charging Party and similarly situated female employees

CV
DISCRIMINATION COMPLAINT

punitive damages for its malicious and reckless conduct described in Paragraphs 8 and 9 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems just and proper in the public interest.

    H.    Award the Commission its costs of this action.

## DEMAND FOR JURY TRIAL

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC 20507-0100

Date: 9/30/09

_____
WILLIAM R. TAMAYO
Regional Attorney

Date:

_____
DAVID OFFEN-BROWN
Supervisory Trial Attorney

Date: 9/30/09

_____
EVANGELINA FIERRO HERNANDEZ
Senior Trial Attorney
Equal Employment Opportunity Commission
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105

**CV**
**DISCRIMINATION COMPLAINT**