WILLIAM R. TAMAYO (CA Bar No. 084965)
DAVID OFFEN-BROWN (CA Bar No. 063321)
EVANGELINA HERNANDEZ (CA  Bar No.168879)
CINDY O'HARA (CA Bar No. 114555)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5653
Facsimile No. (415) 625-5657

Attorneys for Plaintiff
Equal Employment Opportunity Commission

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Civil Action No. 09-4646 PVT |
| Plaintiff, | **CONSENT DECREE** |
| and | |
| **FILOMENA RUELAS,** | |
| Plaintiff-Intervenor, | |
| v. | |
| **HILLTOWN PACKING CO., INC.,** | |
| Defendant. | |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of discrimination based on sex and retaliation, and to provide appropriate relief to Filomena Ruelas and similarly situated women whom the Commission alleged were adversely affected by such practices.  The Commission alleged that Defendant Hilltown Packing Company, Inc. ("Hilltown") subjected Ms. Ruelas and similarly situated women to unlawful harassment based on their sex, in violation of Title VII and retaliated against them when they opposed such harassment.  Ms. Ruelas intervened in the case.

Defendant has denied all of the above allegations and claims. The Commission and Defendant Hilltown now seek to resolve this action as to each other and as between Defendant Hilltown and Ms. Ruelas ("Plaintiff Intervenor") and similarly situated women without further contested litigation through the instant Consent Decree. This resolution does not constitute an admission of liability on the part of Hilltown, nor constitute a finding on the allegations stated in the Commission's Complaint.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term.

2. This Consent Decree constitutes a full and final resolution of the Commission's claims against Hilltown in this action.

3. This Consent Decree will become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the parties to it, their successors and assigns.

5. The Commission and Hilltown will each bear its own costs and attorneys fees in this action.

**GENERAL INJUNCTIVE RELIEF**

6. Hilltown and its current officers, agents, employees, and all persons in active concert or participation with them are enjoined from discriminating based on sex, including sexual harassment, and from retaliating against employees for opposing sexual harassment, as prohibited under Title VII.

7. Hilltown and its current officers, agents, employees, and all persons in active concert or participation with them are enjoined from engaging in, implementing or permitting any action, policy or practice which retaliates against Plaintiff Intervenor, or any other employee or former employee, for having filed a charge, testified or participated in any manner in the

Commission's investigation and the proceedings in this case.

**SPECIAL INJUNCTIVE RELIEF**

### Non-Discrimination Policies and Complaint Procedures

8.   Within thirty (30) days of the entry of this Consent Decree, Hilltown will revise and distribute its revised sexual harassment policy to all workers in both English and Spanish, and will provide copies to all new and returning workers as they enter or re-enter the workforce. Within thirty (30) days of the entry of the Consent Decree Hilltown will also revise its equal employment opportunity policy to include a statement of commitment not to retaliate against individuals who oppose harassment and/or discrimination, or complain of discrimination, whether that complaint is internal or to a governmental agency.  The revised policies will include a complaint procedure for employees to make such complaints.

### Training

9.   Hilltown will use an outside consultant, paid for by Hilltown, to provide training on sexual harassment and retaliation to all employees, both management and non-management, once per year during the term of this Consent Decree, such year to be measured from the date of entry of this Consent Decree.  Each training will be a minimum of two (2) hours for management employees, and one (1) hour for non-management employees, and will be introduced by a member of upper management.  The first training will take place within sixty (60) days of the entry of this decree, and within each subsequent year during the term of the Decree.  Thirty (30) days before the first training, and before any change in trainers, Hilltown will identify to the Commission, by name and address, its selected trainer.  Before commencing training, Hilltown must receive notice from the Commission that the trainer is acceptable to the Commission; such acceptance will not be unreasonably withheld.

### Supervisory Accountability

10.   Defendant Hilltown will revise its performance evaluation forms for its managers and supervisors to include an evaluation of the manager or supervisor's effectiveness in preventing sexual harassment  and retaliation against and among the employees under his/her supervision.

**Record Keeping and Reports**

11. Within ten (10) days of the completion of the revisions to the sexual harassment and equal employment opportunity policies referenced in Paragraph 8 above, Hilltown will send a copy of said revised policies to counsel for the Commission.

12. Within thirty (30) days after completing each training session described in Paragraph 9, Hilltown will mail to counsel for the Commission a report containing the date of training, the name and position of the management official who introduced the training, an outline of the training content, a list of all attendees, and copies of all materials distributed at the training.

13. Once every six (6) months, to be measured beginning at the date of entry of this Consent Decree and continuing for the duration of this Consent Decree, Hilltown will notify the counsel for the Commission whether it has received any complaints of sexual harassment or retaliation from its employees (whether said complaints were filed with an administrative agency or simply raised to a supervisory or management employee at the workplace), what steps were taken in response to that information, and how the situation was resolved.

**MONETARY RELIEF**

14. Hilltown will pay the sum of $48,000.00 as damages and in complete satisfaction of the Commission's claims against Hilltown as set forth in its Complaint. This sum will allocated between the Plaintiff Intervenor and similarly situated individual(s) at the sole discretion of the Commission. Damages will be paid by a checks made out to each individual as designated by the Commission, and sent to the address provided by the Commission to Hilltown. Said checks will be sent by Hilltown directly to these individuals within ten (10) days of the entry of the Consent Decree.

**EXPIRATION OF CONSENT DECREE**

15. This Consent Decree constitutes a full and final resolution of all the Commission's claims against Hilltown in this action. This Consent Decree will be in effect for three (3) years, and will expire at midnight of the date three (3) years after its entry by the Court, provided that Hilltown has substantially complied with the terms of this Consent Decree.

1  Hilltown will be deemed to have complied substantially if the Court has not made any findings or
2  orders during the term of the Decree that Hilltown has failed to comply with any of the terms of
3  this Decree.

On Behalf of Plaintiff Commission:        On Behalf of Defendant:

Dated: July 6, 2010                       Dated: July 6, 2010

EQUAL EMPLOYMENT OPPORTUNITY              GORDON & REES, LLP
COMMISSION

\_\_\_\_\_/S/_____          \_\_\_\_\_/S/_____
WILLIAM R. TAMAYO                         MICHAEL A. LAURENSON
Regional Attorney                         Attorneys for Hilltown Packing Co., Inc.

\_\_\_\_\_/S/_____
DAVID OFFEN-BROWN
Supervisory Trial Attorney

\_\_\_\_\_/S/_____
CINDY O'HARA
Senior Trial Attorney

On Behalf of Plaintiff-Intervenor Filomena Ruelas

Dated: July 6, 2010

CALIFORNIA RURAL LEGAL ASSISTANCE

\_\_\_\_\_/S/_____
MICHAEL MEUTER

**ORDER**

It is so ordered.

Dated:\_\_\_7/21/10_____      _____
                                        U.S. District Court Magistrate Judge